IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER BROWN, #39474                                           PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 4:10-cv-104-HTW-LRA

LIEUTENANT KINO REESE, et al.                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi, filed this complaint pursuant to Title 42 U.S.C. § 1983. The named Defendants are Lieutenant Kino Reese, Sergeant Cotton, Lieutenant Thomas and Commissioner Epps. Upon review of the entire Court record, the Court has reached the following conclusions.

**I. Background**

Plaintiff states that he received a Rule Violation Report (RVR) on June 23, 2009, for assaulting another person. Compl. [1-1] at 1. Plaintiff states that as punishment for the guilty finding for the RVR, he was placed in isolation for twenty days and subsequently was returned back to general population. Resp. [12] at 1. Plaintiff's complaint centers around allegations that the Defendants violated his rights to due process in that they did not follow MDOC policy and procedure regarding the drafting of the RVR and subsequently during the course of the disciplinary hearing. Compl. [1-1] at 1; [1-2] at 1. Further Plaintiff states that he pleaded guilty to aggravated assault in the Circuit Court of Lauderdale County, Mississippi and was sentenced to fifteen years in the custody of MDOC as a result of the RVR. Resp. [12] at 1. Plaintiff states

that his state court aggravated assault conviction as a result of the RVR has not been invalidated, reversed or expunged. Resp. [14] at 1. As relief, Plaintiff requests monetary damages. Compl. [1-3] at 1.

## II. Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, this case will be dismissed for Plaintiff's failure to state a claim on which relief may be granted.

### a. Rule Violation Report

In order to have a viable claim under Title 42 U.S.C. § 1983 Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving Plaintiff of this right acted under color of any statute of the State. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison

life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's placement in isolation for twenty days is not an "atypical and significant hardship" of prison life. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest). Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest). As such, Plaintiff has failed to state a viable Due Process claim.

Further, Plaintiff complains that MDOC policy and procedure was violated during the preparation of the RVR and during the course of the disciplinary hearing. This allegation, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.") "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *see also Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hernandez v. Estelle*, 788 F.2d at 1158.

In sum, Plaintiff has failed to present a viable Due Process claim regarding the complained of RVR and resulting punishment. Furthermore, Plaintiff's claims regarding Defendants' failure to follow MDOC policy and procedure fail to rise to the level of a

constitutional deprivation.

### b. State court conviction

Moreover, as to Plaintiff's state court conviction of aggravated assault resulting from the RVR, this Court finds that Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges Plaintiff's conviction or imprisonment is cognizable under Title 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendants' alleged actions relating the RVR resulting in a state court conviction for aggravated assault, it would necessarily imply the invalidity of his current confinement. Thus, Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, at this time. In addition, the Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

4

writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Therefore, Plaintiff's claim requesting monetary damages as a result of his alleged unlawful imprisonment cannot be maintained pursuant to Title 28 U.S.C. § 1983.

## III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted, with prejudice, under Title 28 U.S.C. § 1915 (e)(2)(B)(ii).

Since this case shall be dismissed pursuant to Title 28 U.S.C. § 1915 (e)(2)(B)(ii) it will counted as a "strike".[1] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

SO ORDERED, this the 27th day of September, 2010.

                                      s/ HENRY T. WINGATE
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**

---

[1] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."